### NATHAN B. HALL *vs.* ELISHA BURGESS.

A legatee of chattels, before letters of administration were granted, gave the chattels to another person for life, and was afterwards appointed administrator with the will an nexed, and after the death of that person, and twelve years after the death of the testator, and eight years after his own appointment, brought an action in his own right to recover the chattels.   It not appearing that the chattels had ever been claimed or wanted for the payment of debts, *held*, that he could maintain his action.

A general description by witnesses, of chattels for the conversion of which a suit is brought, is sufficient, if it enables the jury to estimate their value, to authorize them to return actual damages.

ACTION OF TORT, commenced on the 8th of July 1854, for the conversion of certain articles of household furniture, a schedule of which was annexed to the writ.   Answer, denial of the plaintiff's property and of the conversion.   At the trial in the court of common pleas, before *Byington*, J., there was evidence of the following facts:

These articles were the property of David Hall, of Providence (R. I.), who died in November 1841, leaving a will, by which he gave all his real and personal estate, except one or two legacies in money, to his wife, Sally Hall, so long as she should remain his widow, with remainder over, upon her death or marriage, to his son the plaintiff.

On the death of David Hall, his widow took possession of the property now sued for, and retained it until November 1844, when she married the defendant. On the 26th of March 1845, the plaintiff gave his mother the following writing: " Providence, March 26, 1845. I hereby give to Sally Burgess, late Sally Hall, what furniture she now has in her possession, to have and to hold during her natural life. Nathan B. Hall." And possession was retained by her and the defendant until her death in February 1851, and by him afterwards.

The will of David Hall was not proved, nor any administrator of his estate appointed, until the 17th of February 1846, when the will was proved, and the plaintiff appointed administrator, in Rhode Island. The plaintiff never claimed possession of the property, either as administrator or otherwise, until after the death of his mother, when he demanded it of the defendant, who refused to deliver it.

The plaintiff there rested his case; and the defendant asked the court to rule that this action could not be maintained, for the reason that no person, in the capacity of heir or legatee, can maintain an action for the recovery of any portion of the estate of a deceased person, but that the executor or administrator, in his capacity as such, alone has such authority.

But the court ruled, " that, though ordinarily the administrator was the person to maintain an action for goods belonging to the estate of his intestate, in this case, the goods having been bequeathed to the mother, with remainder to the plaintiff, and he having permitted her to keep possession of the goods for her life, notwithstanding her marriage, and never having, after being appointed administrator, claimed them as such, and not claiming them as such, and it not appearing that they were wanted for the payment of debts or legacies of said David Hall, he might maintain this action against the defendant, and it was not competent for the defendant, who had no title to the goods, to sustain this objection to the action, the goods having been given by the will of David Hall to the plaintiff, from the decease or marriage of his mother."

Upon the subject of value, the evidence was a description of

the articles, given by the witnesses. No witness was inquired of to fix a value to any article, or to name a sum which they were worth; and as to many of the articles, the description given by the witnesses was not more definite than that contained in the schedule annexed to the writ; in regard to others, it was more definite.

The defendant asked the court to instruct the jury that " there must be some evidence of pecuniary value, other than a description of the articles, to warrant the jury in finding any thing more than nominal damages." This the court declined to do, and instructed them that " they could give no greater sum in value than the plaintiff proved the articles were worth; that the value might be proved by the opinions of witnesses acquainted with their value, or by such description of the property as would enable the jury to form an opinion of its value; that if the description was not sufficient to enable them to form an opinion of the true value of the articles, they must give no more in value than was proved; that the defendant should be subject to no risk of being charged with a greater sum than the value; and though it might be the value of some articles was in fact greater than proved, the loss must fall on the plaintiff, if on any one, whose duty it was to prove value; that, in regard to some articles, a general description might be sufficient to authorize them to give more than nominal damages."

The jury returned a verdict for the plaintiff in the sum of $250; and to the foregoing rulings and instructions the defendant alleged exceptions.

*J. C. Stone*, for the defendant. 1. The fact that the plaintiff is administrator cannot affect this case, as he does not sue as such. Indeed he could not sue in this state, being appointed under the authority of another. *Goodwin* v. *Jones*, 3 Mass. 514. Upon the death of a person, all his absolute and contingent interests in personal property remain in abeyance until administration is granted, and then vest in the executor or administrator by relation to the time of the death. *Jewett* v. *Smith*, 12 Mass. 309. *Clapp* v. *Stoughton*, 10 Pick. 468. *Lawrence* v. *Wright*, 23 Pick. 128. Though a legatee, if the subject of his specific legacy is in

possession at the death of the testator, may retain it with the assent of the executor or administrator, yet he cannot reduce it to possession by action at law, unless he shows affirmatively that it is not wanted for the payment of debts. *Andrews* v. *Hunneman,* 6 Pick. 126. The agreement given by the plaintiff to his mother cannot prejudice the defendant's rights, for the plaintiff then, not having been appointed administrator, had no better title to the property than the defendant, and there was no evidence that the defendant knew or assented to this agreement. The plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's. If the plaintiff is not entitled to judgment in his own right, he is not entitled to judgment in this action for the use of the estate of which he is administrator; and a judgment in this action will be no bar to an action by him as administrator. *Mason* v. *Lord,* 20 Pick. 447.

2. The jury must find their verdict upon the evidence alone, and cannot act upon their knowledge or information derived from other sources. A general description of property, as in the schedule annexed to the writ, is insufficient to authorize the jury to assess more than nominal damages; and the jury, under the instructions given, may well have included in their verdict more than a nominal sum for articles of whose value there was no other evidence.

*E. Williams,* for the plaintiff, to the point that an executor or administrator might maintain an action in his own name, without declaring as executor or administrator, for goods of his testator, since converted by the defendant, cited *Patchen* v. *Wilson,* 4 Hill, 57; *Valentine* v. *Jackson,* 9 Wend. 302; *Eaves* v. *Mocato,* 1 Salk. 314; *Commonwealth* v. *Griffith,* 2 Pick. 11; *Talmage* v. *Chapel,* 16 Mass. 73; 1 Williams on Executors, 746.

THOMAS, J. Upon the marriage of David Hall's widow with the defendant, all her right or interest under the will, in the property for the conversion of which this suit is brought, ceased. Except so far as it might be needed for the payment of debts, it was the property of the plaintiff as legatee, and he might give it, subject only to its liability to be taken for such debts. And

before he was appointed administrator, he gave them to his mother for life. As her right under the will terminated with her marriage, it is plain that the defendant never had any title or interest whatever in the property, except under this gift of the plaintiff. The defendant and wife continued to hold the property till her decease in 1851, and the defendant after that, till this action was brought, in July 1854. More than twelve years had elapsed since the decease of the testator, and more than eight years since the granting of letters of administration. No claim appears to have been made for the property for the payment of debts, and all demands against the estate of the father must have long since been paid, or barred by the statutes of limitations.

The plaintiff was administrator and legatee. No formal transfer of property could be made, or was necessary.

This action, therefore, is not for the recovery of the property of a person deceased, found in the possession of the defendant at his death, but of property which the defendant received under a written contract of gift from the plaintiff, long since expired.

The defendant asked the presiding judge to rule that the action could not be maintained, for the reason that no action could be maintained by an heir or legatee for the recovery of any portion of the estate of a deceased person. The presiding judge refused so to rule, and held that, under the facts, the action could be maintained by the plaintiff in his own right. We think the ruling right.

The evidence upon the question of damages, though not the most satisfactory, was clearly competent, and the instructions of the judge upon its effect subject to no just exception.

*Exceptions overruled*